72 August 5, 2026 No. 748

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LEONARD JACOB BOYD,
*Defendant-Appellant.*

Jackson County Circuit Court
20CR38641, 21CR30813; A187847 (Control), A187846

Laura A. Cromwell, Judge. (Judgment dated May 23, 2025)

Kelly W. Ravassipour, Judge. (Judgment dated May 28, 2025)

Submitted on June 12, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Neil F. Byl, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Chris Perdue, Assistant Attorney General, waived appearance for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.*

EGAN, J.

Affirmed.

_____
* Determined by a two-judge department as authorized by ORS 2.570(2)(b).

**EGAN, J.**

In this consolidated case, defendant appeals from the trial court's orders revoking probation in Case Numbers 20CR38641 and 21CR30813. Appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief does not contain a Section B. *See* ORAP 5.90(1)(b). We affirm.

In Case Number 20CR38641, defendant was convicted of unlawful use of a weapon following a guilty plea. In the plea agreement, the parties stipulated to a downward departure sentence of three years of supervised probation, and the judgment included a provision stating that the parties stipulated to 18 months' imprisonment if probation is revoked. In Case Number 21CR30813, defendant was convicted of aggravated harassment following a guilty plea. In the plea agreement, the parties stipulated to a downward departure sentence of three years of supervised probation, as well as a 60 months' imprisonment if probation is revoked.

The state filed two motions to show cause why probation should not be revoked in both cases on the basis of defendant's failure to report as required to his supervising officer, and his possession of weapons, firearms, and/or dangerous animals in violation of the conditions of his probation. At the hearing on the motion to show cause, defendant admitted to the probation violations. Based on those admissions, the trial court revoked probation and sentenced defendant to 60 and 18 months' imprisonment, to run concurrently, and two years of post-prison supervision.

Having reviewed the record, including the trial court file, the transcript of the hearings, and the *Balfour* brief, and taking into account our statutorily circumscribed authority to review, *see State v. Neill*, 324 Or App 608, 609, 526 P3d 1221, *rev den*, 371 Or 477 (2023) ("because defendant stipulated to the probation revocation sentence, ORS 138.105(9) precludes our review"), we have identified no arguably meritorious issues.

Affirmed.